UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

**MINUTE ENTRY**

*__Hearing Information__*

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda K. Martin |
| Case Number: | 2:26-bk-01014-BKM |
| Debtor(s): | BB Restaurant Group, LLC |
| Chapter: | 11 |
| Date and Time: | 04/15/2026 3:15 PM |
| Location(s): | PHX-701 |
| Courtroom Clerk: | Margaret Kelly |
| Electronic Court Recording Operator: | Ruth Carmona Pena |

Matter(s)

Expedited Hearing on Motion for Expedited Consideration of Debtor's Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtor to use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief

Appearance(s)

PATRICK F. KEERY, ATTORNEY FOR BB RESTAURANT GROUP, LLC
CHRISTOPHER CHARLES SIMPSON, TRUSTEE
PATTY CHAN, ATTORNEY FOR U.S. TRUSTEE
D. LAMAR HAWKINS, ATTORNEY FOR BREAKFAST BITCH AZ, LLC, BREAKFAST BITCH L,LLC

Proceeding

Mr. Keery states the company's business management and operations. Mr. Keery notes the joint administration of the cases and the interim cash collateral order that the Court has approved in the jointly administered case.

THE COURT QUESTIONS THE NOTICES SENT.

Mr. Keery believes the notices were mailed. Mr. Keery believes that the secured creditors were noticed.

Mr. Simpson states that he supports the cash collateral motion.

Ms. Chan does not object to the motion, but notes that the Shuckin N' Jivin restaurant operates out of the same location and the BB restaurants.

Mr. Hawkins states that he was at the facility today and notes that the restaurants have separate seating areas and inventories, but the kitchen is jointly used sharing the same utilities.

Ms. Chan notes the overlap of utilities for the entities. Ms. Chan states that Mr. Keery's client owns twenty five percent of the entity.

Mr. Keery states that the certificate of service at docket 54 shows the motion and notice were mailed.

THE COURT STATES THAT THE FOOTNOTE STATES THAT THREE ENTITIES WERE DOING BUSINESS.

Mr. Keery states the three entities all used the same trade address.

THE COURT NOTES THE ORDER READS THAT THE CREDITORS ARE SECURED PARTIES. THE COURT

STATES THAT THE ATTORNEY AND SUBCHAPTER VFEES WILL NOT BE AWARDED IN AN INTERIM ORDER. MR. KEERY IS DIRECTED TO RESUBMIT THE ORDER WITH THE LANGUAGE CHANGES AND THE BUDGET ATTACHED.

COURT: FOR THE REASONS STATED ON THE RECORD, IT IS ORDERED APPROVING AN INTERIM ORDER ON CASH COLLATERAL AND SETTING A FINAL HEARING FOR MAY 5, 2026 AT 11:00 A.M. IN COURTROOM 701, ANY OBJECTIONS ARE DUE AT OR PRIOR TO THE 11:00 A.M. HEARING.