ORDERED ACCORDINGLY.

Dated: May 6, 2026

*Brenda K. Martin*

Brenda K. Martin, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY ORDER

### Hearing Information:

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda K. Martin |
| Case Number: | 2:26-bk-01014-BKM |
| Debtor(s): | BB Restaurant Group, LLC |
| Chapter: | 11 |
| Date and Time: | 05/05/2026 11:00 AM |
| Location(s): | PHX-701 |
| Courtroom Clerk: | Jennifer Lowry |
| Electronic Court Recording Operator: | Leticia Romero |

### Matter(s):

MATTER 1 -2:26-bk-03289-BKM - FINAL HEARING ON MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL

MATTER 2 - 2:26-bk-01014 -BKM - CONTINUED FINAL HEARING ON DEBTOR'S CASH COLLATERAL MOTION

### Appearances:

PATRICK F KEERY, ATTORNEY FOR BB RESTAURANT GROUP, LLC
DAWN MAGUIRE, TRUSTEE IN 2:26-bk-03289-BKM
LAMAR HAWKING, ATTORNEY FOR BREAKFAST B*TCH L, LLC
PATTY CHAN, ATTORNEY FOR THE U.S. TRUSTEE

### Proceedings:

### MATTER 1

Mr. Hawkins presents the request for entry of a final cash collateral order and advises that no objections have been filed. He explains that the budget reflects zero adequate protection payments on an interim basis and includes provisions addressing rent obligations and cure payments in connection with a contemplated lease assumption.

COURT: THE COURT RAISES CONCERNS REGARDING (1) THE TREATMENT OF PRE-PETITION CURE PAYMENTS, (2) THE LACK OF NOTICE TO CERTAIN CREDITORS AND PARTIES IN INTEREST, AND (3) INCONSISTENCIES BETWEEN THE RELIEF REQUESTED IN THE MOTION AND THE TERMS OF THE PROPOSED FINAL ORDER.

THE COURT INQUIRES REGARDING PROPOSED PRE-PETITION RENT CURE PAYMENTS AND NOTES THAT SUCH PAYMENTS MAY NOT BE MADE ABSENT APPROVAL OF LEASE ASSUMPTION. THE COURT FURTHER QUESTIONS NOTICE PROVIDED TO CREDITORS, INCLUDING PARTIES WHOSE TREATMENT WAS MODIFIED FROM THE ORIGINAL MOTION.

Ms. Chan advises that it would be appropriate to set aside funds pending notice to creditors to ensure funds are not dissipated if objections are raised.

COURT: THE COURT DIRECTS THAT ANY PRE-PETITION CURE PAYMENTS SHALL NOT BE PAID AT THIS TIME AND SHALL INSTEAD BE HELD IN A SEGREGATED ACCOUNT PENDING FURTHER ORDER OF THE COURT.

THE COURT FURTHER FINDS THAT NOTICE WAS INSUFFICIENT AND THAT A CONDITIONAL ORDER IS REQUIRED.

IT IS ORDERED THAT THE DEBTOR SHALL LODGE A CONDITIONAL FINAL CASH COLLATERAL ORDER.THE ORDER SHALL BE SERVED ON ALL CREDITORS AND PARTIES IN INTEREST AND SHALL BE SUBJECT TO A FOURTEEN (14) DAY NEGATIVE NOTICE PERIOD.IF NO OBJECTION IS FILED WITHIN FOURTEEN (14) DAYS, THE ORDER SHALL BECOME FINAL WITHOUT FURTHER HEARING.THE PROPOSED ORDER SHALL,CLARIFY THAT PRE-PETITION CURE PAYMENTS ARE HELD AND NOT DISBURSED,REFLECT THE CURRENT BUDGET TERMS; ANDINCLUDE A CORRECT JOINT CAPTION CONSISTENT WITH THE ADMINISTRATIVE CONSOLIDATION ORDER.

### MATTER 2

Mr. Keery presents the request for entry of a final cash collateral order and advises that the motion, supplement, and notice of hearing were properly served on all creditors and parties in interest, and that no objections have been filed.

COURT: THE COURT INQUIRES REGARDING THE TREATMENT OF RENT OBLIGATIONS, CURE PAYMENTS, AND POTENTIAL DISPUTES WITH THE LANDLORD, AS WELL AS THE STATUS OF ASSERTED SECURED CLAIMS.

Mr. Keery explains that the debtor anticipates filing a motion to extend the deadline to assume or reject the lease and that cure payments reflected in the budget are contingent on future court approval.

Ms. Chan raises no objection but reminds the debtor regarding additional financial reporting requirements referenced at prior hearings.

COURT: THE COURT DIRECTS THAT THE FINAL ORDER SHALL CLARIFY THAT ANY PRE-PETITION RENT CURE PAYMENTS SHALL NOT BE MADE UNLESS AND UNTIL THE COURT APPROVES ASSUMPTION OF THE LEASE. SUBJECT TO THAT MODIFICATION, THE COURT FINDS THAT NOTICE WAS PROPER AND THAT ENTRY OF A FINAL ORDER IS APPROPRIATE.

IT IS ORDERED GRANTING FINAL AUTHORITY TO USE CASH COLLATERAL CONSISTENT WITH THE MOTION, SUPPLEMENT, AND BUDGET, AS MODIFIED ON THE RECORD.