# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY ORDER

Brenda K. Martin, Bankruptcy Judge

### Hearing Information:

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda K. Martin |
| Case Number: | 2:26-bk-01014-BKM |
| Debtor(s): | BB Restaurant Group, LLC |
| Chapter: | 11 |
| Date and Time: | 06/23/2026 11:00 AM |
| Location(s): | PHX-701 |
| Courtroom Clerk: | Jennifer Lowry |
| Electronic Court Recording Operator: | Leticia Romero |

### Matter(s):

MATTER 1 - HEARING ON CONFIRMATION OF THE PLAN

MATTER 2 - CONTINUED HEARING ON MOTION FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF LANDLORD'S ADMINISTRATIVE EXPENSE CLAIM; AND (II) COMPELLING DEBTOR TO ASSUME OR REJECT THE LEASE; OR (III) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY (MOTION) AT DE 39.

MATTER 3 – MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE

MATTER 4 - CONTINUED PRELIMINARY HEARING ON MOTION FOR RELIEF FROM STAY

MATTER 5 – ORAL MOTION TO COMPEL PAYMENT

### Appearances:

PATRICK F KEERY, ATTORNEY FOR BB RESTAURANT GROUP, LLC
LAMAR HAWKINS, ATTORNEY FOR BREAKFAST B*TCH L, LLC AND BREAKFAST B*TCH AZ, LLC
JAY MACKINLAY, ATTORNEY FOR KRISHANDA ALLEN AND TIFFANY WATES
PATTY CHAN, ATTORNEY FOR THE U.S. TRUSTEE
PATRICK CLISHAM, ATTORNEY FOR AZ ROOSEVELT ROW APARTMENTS, LLC
CHRISTOPHER SIMPSON, SUBCHAPTER V TRUSTEE

### Proceedings:

### MATTER 1 – HEARING ON CONFIRMATION OF THE PLAN

Mr. Hawkins advises that confirmation is not ready to proceed. He states that unresolved issues remain concerning the landlord, disputed February and March post-petition rent payments, insurance issues relating to the Allen and Wates claims, anticipated motions regarding MCA lenders, and a forthcoming motion for substantive consolidation. Mr. Hawkins advises that debtors intend to provide insurance information to Mr.

MacKinley and are investigating whether disputed rent payments have already been transmitted to the landlord. Mr. Hawkins further advises that debtors are evaluating alternative premises in the event assumption of the current lease is unsuccessful. Mr. Hawkins requests a 60-day continuance of confirmation.

Mr. Keery joins in the request for a continuance. Mr. Keery advises that debtors believe payments were made to the landlord on April 24, May 12, and June 1, and that debtors are attempting to verify whether an additional wire transfer was transmitted on June 15. Mr. Keery further advises that a motion for substantive consolidation has been prepared and is under review. Mr. Keery acknowledges that April and May Monthly Operating Reports remain outstanding.

Mr. Simpson advises that the case is not ready for confirmation and supports a continuance. Mr. Simpson states that feasibility remains a primary concern because current financial information is unavailable, Monthly Operating Reports have not been filed, and administrative expenses continue to accrue.

Ms. Chan advises that April and May Monthly Operating Reports remain delinquent. She further advises that debtors have agreed to revisions to the proposed confirmation order, including language providing that if the plan is confirmed pursuant to 11 U.S.C. § 1191(b), the case shall remain open and the Subchapter V Trustee shall remain in place until completion of plan payments unless otherwise ordered by the Court. She notes that any uncashed distribution checks will be redistributed to unsecured creditors. Ms. Chan states that the U. S. Trustee does not oppose the requested continuance and will defer to creditor positions regarding substantive consolidation.

COURT: THE COURT FINDS THAT CONFIRMATION IS NOT READY TO PROCEED. THE COURT ADVISES THAT MOTIONS REGARDING THE MCA CLAIMS AND SUBSTANTIVE CONSOLIDATION SHOULD BE FILED PROMPTLY.

THE COURT FURTHER NOTES THAT IF SUCH ISSUES REMAIN UNRESOLVED, THE PLAN MUST ADDRESS TREATMENT OF THOSE CLAIMS IN THE EVENT THE REQUESTED RELIEF IS NOT GRANTED.

THE COURT DIRECTS DEBTORS' COUNSEL TO REVIEW ARTICLE 8 OF THE PLAN REGARDING CREDITOR REMEDIES AND THE EFFECT OF DEFAULT IN A NON-CONSENSUAL PLAN.

IT IS ORDERED THAT THE APRIL AND MAY MONTHLY OPERATING REPORTS, TOGETHER WITH ANY OTHER OUTSTANDING MONTHLY OPERATING REPORTS THAT ARE PAST DUE, SHALL BE FILED NO LATER THAN TWO WEEKS FROM THE DATE OF THE HEARING.

IT IS FURTHER ORDERED SETTING A CONTINUED IN-PERSON HEARING ON CONFIRMATION OF THE PLAN ON SEPTEMBER 1, 2026, AT 1:30 P.M.

**MATTER 2 – CONTINUED HEARING ON MOTION FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF LANDLORD'S ADMINISTRATIVE EXPENSE CLAIM; AND (II) COMPELLING DEBTOR TO ASSUME OR REJECT THE LEASE; OR (III) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY**

Mr. Clisham advises that the landlord has received April, May, and June rent payments but has not received the February and March post-petition catch-up payments contemplated by the cash collateral orders. Mr. Clisham argues that the approved budget required debtors to segregate those funds pending entry of a final order and thereafter release the payments. He requests entry of an order compelling payment of the February and March obligations. Mr. Clisham further suggests continuing the remaining lease-related issues for approximately 30 days.

Mr. Hawkins advises that debtors are attempting to determine whether the disputed payments have already been transmitted.

Mr. Keery advises that debtors believe payment was authorized and that an additional wire transfer may have been sent on June 15, although confirmation remains pending.

COURT: THE COURT FINDS THAT THE CASH COLLATERAL ORDERS AUTHORIZED PAYMENT OF THE FEBRUARY AND MARCH CATCH-UP RENT OBLIGATIONS AND THAT THE APPROVED BUDGET CONTEMPLATED PAYMENT OF THOSE OBLIGATIONS. THE COURT FURTHER FINDS THAT PAYMENT IS APPROPRIATE.

THE COURT STATES THAT THE LANDLORD'S MOTION SHALL TRAVEL WITH THE DEBTORS' PENDING MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE.
IT IS ORDERED SETTING A CONTINUED HEARING ON AUGUST 5, 2026 AT 1:30 PM.

**MATTER 3 – MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE**

Mr. Keery advises that the debtors filed a motion to extend the time to assume or reject the lease and that Mr. Clisham has filed an objection. Mr. Keery requests an opportunity to file a reply brief and requests that the hearing be scheduled at the beginning of August due to his work schedule.
Mr. Clisham agrees that the issues concerning the pending lease extension motion and the landlord's motion are related and may appropriately be heard together.

COURT: IT IS ORDERED SETTING THE MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE FOR HEARING ON AUGUST 5, 2026, AT 1:30 P.M. MR. KEERY SHALL FILE A REPLY BRIEF IN SUPPORT OF THE MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASE NO LATER THAN ONE WEEK PRIOR TO THE AUGUST 5, 2026 HEARING.

**MATTER 4 – CONTINUED PRELIMINARY HEARING ON MOTION FOR RELIEF FROM STAY**

Mr. MacKinley advises that his clients seek relief from stay in connection with personal injury claims. Mr. MacKinley states that receipt of the insurance information debtors have agreed to provide may substantially resolve the issues raised by his clients.

Mr. Hawkins advises that debtors will provide insurance carrier information to Mr. MacKinley so that counsel may independently verify the carrier's coverage position.

COURT: THE COURT INFORMS MR. MACKINLEY THAT IF A HEARING ON THE MOTION FOR RELIEF FROM STAY IS DESIRED, HE MUST REQUEST ONE.

**MATTER 5 – ORAL MOTION TO COMPEL PAYMENT**

Mr. Clisham orally requests entry of an order compelling payment of the February and March post-petition catch-up rent obligations, asserting that payment was authorized under the cash collateral orders and should have been made upon entry of the final order.

COURT: IT IS ORDERED GRANTING THE ORAL REQUEST TO COMPEL PAYMENT. THE DEBTORS SHALL MAKE THE FEBRUARY AND MARCH POST-PETITION CATCH-UP RENT PAYMENTS.