ORDERED ACCORDINGLY.

Dated: August 10, 2026

Brenda K. Martin, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY ORDER

***Hearing Information***

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda K. Martin |
| Case Number: | 2:26-bk-01014-BKM |
| Debtor(s): | BB Restaurant Group, LLC |
| Chapter: | 11 |
| Date and Time: | 08/05/2026 1:30 PM |
| Location(s): | PHX-701 |
| Courtroom Clerk: | Jennifer Lowry |
| Electronic Court Recording Operator: | Leticia Romero |

***Matter(s):***

MATTER 1 - CONTINUED HEARING ON MOTION TO EXTEND TIME TO ASSUME OR REJECT THE LEASE

MATTER 2 - CONTINUED HEARING ON MOTION FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF LANDLORD'S ADMINISTRATIVE EXPENSE CLAIM; AND (II) COMPELLING DEBTOR TO ASSUME OR REJECT THE LEASE; OR (III) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY (MOTION) AT DE 39.

MATTER 3 – MOTION FOR SUBSTANTIVE CONSOLIDATION

***Appearances:***

PATRICK F KEERY, ATTORNEY FOR BB RESTAURANT GROUP, LLC
LAMAR HAWKINS, ATTORNEY FOR BREAKFAST B*TCH AZ LLC, BREAKFAST B*TCH L LLC
PATTY CHAN, ATTORNEY FOR THE U.S. TRUSTEE
CHRISTOPHER SIMPSON, SUBCHAPTER V TRUSTEE
CHRISTINA SANFELIPPO, ATTORNEY FOR AZ ROOSEVELT ROW APARTMENTS LLC
PATRICK CLISHAM, ATTORNEY FOR AZ ROOSEVELT ROW APARTMENTS LLC

***Proceedings:***

**MATTER 1 - CONTINUED HEARING ON MOTION TO EXTEND TIME TO ASSUME OR REJECT THE LEASE**

Mr. Keery advises that the Debtor seeks a 90-day extension of the deadline to assume or reject its lease pursuant to 11 U.S.C. § 365(d)(4). He explains that the leased premises are essential to the Debtor's reorganization, the Debtor has proposed substantive consolidation of the related debtors, and the proposed plan contemplates assumption of the lease. Mr. Keery further advises that the Debtor is delinquent on the July rent due to funds being withheld by Intuit and represents that efforts are underway to recover those funds. He argues that cause exists to extend the deadline because of the complexity of the related cases and contends that the landlord's futility arguments are premature and should be addressed in connection with any future motion to assume the lease.

COURT: THE COURT INQUIRES WHETHER THE JULY RENT IS THE ONLY POSTPETITION DEFAULT, QUESTIONS WHY RELIEF HAS NOT BEEN SOUGHT AGAINST INTUIT TO RECOVER THE FUNDS, AND REQUESTS CLARIFICATION REGARDING THE DEBTOR'S ABILITY TO CURE THE RENT DEFAULT.

Mr. Hawkins advises that counsel recently learned the Intuit funds remained in limbo after the Debtor's attempts to resolve the issue informally were unsuccessful. He indicates that the Debtor will seek relief against Intuit if necessary.

Mr. Clisham argues that cause does not exist to extend the deadline, contending the Debtor remains delinquent in its postpetition rent obligations, assumption of the lease would be futile, and the Debtor cannot establish adequate assurance of future performance. Mr. Clisham further argues that any extension beyond the initial 90-day period would require the landlord's consent.

Mr. Keery responds that the Debtor continues to pursue recovery of the Intuit funds, maintains that the landlord's futility arguments are premature, and advises that additional time is necessary while the Debtor evaluates its restructuring efforts and the proposed substantive consolidation.

COURT: THE COURT NOTES THAT THE DEBTOR'S REPLY COULD HAVE BEEN MORE TRANSPARENT REGARDING THE STATUS OF THE RENT PAYMENTS AND FURTHER NOTES THAT THE CO-DEBTOR'S DELINQUENT OPERATING REPORTS HAVE MADE IT MORE DIFFICULT TO EVALUATE THE DEBTOR'S FINANCIAL CONDITION.

THE COURT STATES THAT THE LANDLORD'S FUTILITY ARGUMENTS ARE PREMATURE AT THIS STAGE OF THE CASE BUT EXPRESSES CONCERN REGARDING THE SHUCK AND JIVE SUBTENANCY AND THE LACK OF A PRESENT RESOLUTION OF THE SUBLEASE ISSUES.

IT IS ORDERED GRANTING THE MOTION TO EXTEND THE DEADLINE TO ASSUME OR REJECT THE LEASE THROUGH AUGUST 31, 2026.

**MATTER 2 - CONTINUED HEARING ON MOTION FOR ENTRY OF AN ORDER (I) COMPELLING PAYMENT OF LANDLORD'S ADMINISTRATIVE EXPENSE CLAIM; AND (II) COMPELLING DEBTOR TO ASSUME OR REJECT THE LEASE; OR (III) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY (MOTION) AT DE 39**

Mr. Clisham requests that the Court compel the Debtor to become current on its postpetition rent obligations or, alternatively, grant relief from the automatic stay.

COURT: THE COURT INDICATES THAT, AS A CONDITION OF THE EXTENSION OF THE DEADLINE TO ASSUME OR REJECT THE LEASE, THE DEBTOR SHALL CURE THE OUTSTANDING JULY RENT PAYMENT.

THE COURT NOTES THAT IT CONSIDERED THE FACTORS SET FORTH IN 11 U.S.C. § 365(d)(4), INCLUDING THE IMPORTANCE OF THE LEASE TO THE DEBTOR'S REORGANIZATION, THE COMPLEXITY OF THE RELATED CASES, AND THE CURRENT STATUS OF THE POSTPETITION RENT DEFAULTS.

IT IS ORDERED THAT THE AUGUST RENT PAYMENT SHALL BE MADE ON OR BEFORE AUGUST 15, 2026.

IT IS FURTHER ORDERED THAT THE OUTSTANDING JULY RENT PAYMENT SHALL BE PAID

ON OR BEFORE AUGUST 31, 2026.

THE COURT STATES THAT, IF THE JULY RENT PAYMENT IS NOT MADE, THE LANDLORD MAY RAISE THE ISSUE AT THE CONTINUED HEARING ON SEPTEMBER 3, 2026.

**MATTER 3 – MOTION FOR SUBSTANTIVE CONSOLIDATION**

COURT: THE COURT NOTES THAT THE MOTION FOR SUBSTANTIVE CONSOLIDATION MAY NOT PROCEED ON A NEGATIVE NOTICE BASIS AND DIRECTS THAT THE MOTION BE SET FOR HEARING WITH THE CONFIRMATION HEARING ON SEPTEMBER 3, 2026, AT 2:30 P.M.

THE COURT FURTHER DIRECTS THAT THE MOTION BE NOTICED TO PROVIDE PARTIES AT LEAST TWO WEEKS TO FILE OBJECTIONS.